LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
SHARA L. LARSON, ESQ.
Nevada Bar No. 7786
E-mail: slarson@lzlawnv.com
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169
*Attorneys for Barry L. Goldner
and Kurt Van Sciver*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>TERESA JEAN MOORE  and<br>ROBERT-GARVIN: MOORE,<br><br>           Debtors. | Case No.: BK-S-14-13791-abl<br>Chapter 11<br><br><br>Adv. No.: 14-01158-abl |
| TERESA JEAN MOORE  and<br>ROBERT-GARVIN: MOORE,<br><br>           Plaintiffs,<br><br>v.<br><br>JOHN R. GSCHWEND; BARRY L.<br>GOLDNER; KURT VAN SCIVER;<br>RYAN A. ANDERSON; OCWEN LOAN<br>SERVICING, LLC; DEUTSCHE BANK<br>NATIONAL TRUST COMPANY, as<br>Indenture Trustee for American Home<br>Mortgage Investment Trust 2006-3; Does<br>1-10.<br><br>           Defendants. | DEFENDANTS BARRY L. GOLDNER AND KURT VAN SCIVER ANSWER TO COMPLAINT FOR:<br>**(1)** FOR AVOIDANCE AND RECOVERY FOR THE FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(a)(1)(A);<br>**(2)** FOR AVOIDANCE AND RECOVERY FOR THE FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548(a)(1)(B);<br>**(3)** FOR AVOIDANCE AND RECOVERY OF THE FRAUDULENT TRANSFER UNDER 11 U.S.C.§ 544(a)(3);<br>**(4)** FOR AVOIDANCE AND RECOVERY FOR THE PREFERENTIAL TRANSFER UNDER 11 U.S.C.  § 547(b);<br>**(5)** FOR AVOIDANCE AND RECOVERY OF THE TRANSFER UNDER 11 U.S.C. §§ 544(b) AND 545;<br>**(6)** FOR AVOIDANCE AND RECOVERY OF THE POST-PETITION TRANSFER UNDER 11 U.S.C. § 549;<br>**(7)** FOR THE PRESERVATION OF THE TRANSFERS UNDER 11 U.S.C. § 551;<br>**(8)** FOR THE TURNOVER OF THE ESTATE PROPERTY UNDER 11 U.S.C. § 542 OR 11 U.S.C. § 543;<br>**(9)** FOR VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(k) |

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
(702) 382-1170 FAX: (702) 382-1169

**LARSON & ZIRZOW**
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Barry L. Goldner and Kurt Van Sciver (collectively hereafter "<u>Defendants</u>") hereby answer the Complaint (hereafter "<u>Complaint</u>") filed herein by Teresa Jean Moore and Robert-Garvin Moore (hereafter "<u>Plaintiffs</u>") as follows:

## PARTIES, JURISDICTION AND VENUE

1.      In answering paragraph 1, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

2.      In answering paragraph 2, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

3.      In answering paragraph 3, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

4.      In answering paragraph 4, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

5.      In answering paragraph 5, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

6.      In answering paragraph 6, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

## PARTIES

7.      In answering paragraph 7, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

8.      In answering paragraph 8, the answering Defendants admit the allegations contained therein.

2

LARSON & ZIRZOW
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

9. In answering paragraph 9, the answering Defendants admit the allegations contained therein.

10. In answering paragraph 10, the answering Defendants admit the allegations contained therein.

11. In answering paragraph 11, the answering Defendants admit the allegations contained therein.

12. In answering paragraph 12, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

13. In answering paragraph 13, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

14. In answering paragraph 14, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

## FACTS

### General Allegations

15. In answering paragraph 15, the answering Defendants admit the allegations contained therein.

16. In answering paragraph 16, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

### Transfer Allegations

17. In answering paragraph 17, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

LARSON & ZIRZOW
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

18. In answering paragraph 18, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

19. In answering paragraph 19, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

20. In answering paragraph 20, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

21. In answering paragraph 21, the answering Defendants admit the allegations contained therein.

22. In answering paragraph 22, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

23. In answering paragraph 23, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

24. In answering paragraph 24, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

25. In answering paragraph 25, the answering Defendant is without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

26. In answering paragraph 26, the answering Defendants admit the existence of the Lease Termination Notice and the mailing of the Lease Termination Notice to the Plaintiffs on or about November 25, 2013. As to all other allegations stated in paragraph 26, the answering Defendants deny the remaining allegations contained therein.

27.     In answering paragraph 27, the answering Defendants admit that on May 7, 2014, a complaint was filed in the Superior Court of California, County of Kern, case number S-1500-CL-284906.  As to all other allegations stated in paragraph 27, the answering Defendants deny the remaining allegations contained therein.

28.     In answering paragraph 28, the answering Defendants admit that an order was entered granting stay relief on or about September 26, 2014 and that said order speaks for itself. As to all other allegations stated in paragraph 28, the answering Defendants deny the remaining allegations contained therein.

29.     In answering paragraph 29, the answering Defendants admit the posting the Notice to Vacate occurred on October 16, 2014.  As to all other allegations stated in paragraph 29, the answering Defendants deny the remaining allegations contained therein.

30.     In answering paragraph 30, the answering Defendants deny the allegations contained therein.

## FIRST-CLAIM

**For the avoidance and recovery of the fraudulent transfers under the**
**11 U.S.C. § 548(a)(1)(A) against the Defendants JRG and OLS**

31.     In answering paragraph 31, Defendants repeat and reallege the answers as stated in Paragraphs 1 through 30 herein.

32.     In answering paragraph 32, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

33.     In answering paragraph 33 the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

34.     In answering paragraph 34 the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

LARSON & ZIRZOW
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

LARSON & ZIRZOW
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

35.    In answering paragraph 35 the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

## SECOND-CLAIM

### For the avoidance and recovery of the fraudulent transfers under the 11 U.S.C. § 548(a)(1)(B) against the Defendants JRG and OLS

36.    In answering paragraph 36, Defendants repeat and reallege the answers as stated in Paragraphs 1 through 35 herein.

37.    In answering paragraph 37, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

38.    In answering paragraph 38, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

39.    In answering paragraph 39, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

40.    In answering paragraph 40, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

41.    In answering paragraph 41, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

42.    In answering paragraph 42, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

43.     In answering paragraph 43, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

### THIRD-CLAIM

**For the avoidance and recovery of the unperfected transfers or liens under the
11 U.S.C. §§ 544(a)(3) against the Defendants JRG, OLS and DBN**

44.     In answering paragraph 44, Defendants repeat and reallege the answers as stated in Paragraphs 1 through 43 herein.

45.     In answering paragraph 45, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

46.     In answering paragraph 46, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

47.     In answering paragraph 47, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

48.     In answering paragraph 48 the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

49.     In answering paragraph 49, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

50.     In answering paragraph 50, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

. . .

. . .

LARSON & ZIRZOW
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON & ZIRZOW
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FOURTH-CLAIM

### For the avoidance and recovery of the preferential transfers under the 11 U.S.C. § 547(b) against the Defendants JRG, BLG, KVS, OLS and DBN

51. In answering paragraph 51, Defendants repeat and reallege the answers as stated in Paragraphs 1 through 50 herein.

52. In answering paragraph 52, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

53. In answering paragraph 53, the answering Defendants deny the allegations contained therein.

54. In answering paragraph 54, the answering Defendants deny the allegations contained therein.

55. In answering paragraph 55, the answering Defendants deny the allegations contained therein.

## FIFTH-CLAIM

### For the avoidance and recovery of the unperfected liens under the 11 U.S.C. §§ 544(b) and 545 against the Defendants JRG, BLG, KVS, OLS and DBM

56. In answering paragraph 56, Defendants repeat and reallege the answers as stated in Paragraphs 1 through 55 herein.

57. In answering paragraph 57, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

58. In answering paragraph 58, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

59. In answering paragraph 59, the answering Defendants deny the allegations contained therein.

60.     In answering paragraph 60, the answering Defendants are deny the allegations contained therein.

61.     In answering paragraph 61, the answering Defendants deny the allegations contained therein.

62.     In answering paragraph 62, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

63.     In answering paragraph 63, the answering Defendants deny the allegations contained therein.

## SIXTH-CLAIM

**For the avoidance and recovery of the post-petition transfers under the
11 U.S.C. § 549 against the Defendants JRG, BLG, KVS, OLS and DBN**

64.     In answering paragraph 64, Defendants repeat and reallege the answers as stated in Paragraphs 1 through 63 herein.

65.     In answering paragraph 65, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

66.     In answering paragraph 66, the answering Defendants deny the allegations contained therein.

67.     In answering paragraph 67, the answering Defendants deny the allegations contained therein.

## SEVENTH-CLAIM

**For the preservation of the fraudulent transfers under the
11 U.S.C. § 551 against the Defendants JRG, BLG, KVS, OLS and DBN**

68.     In answering paragraph 68, Defendants repeat and reallege the answers as stated in Paragraphs 1 through 67 herein.

. . .

LARSON & ZIRZOW
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

69.    In answering paragraph 69, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

70.    In answering paragraph 70, the answering Defendants deny the allegations contained therein.

## EIGHTH-CLAIM

### For the turnover of the estate property under the
### 11 U.S.C. §§ 542 or 543 against the Defendants JRG, BLG, KVS, OLS and DBN

71.    In answering paragraph 71, Defendants repeat and reallege the answers as stated in Paragraphs 1 through 70 herein.

72.    In answering paragraph 72, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

73.    In answering paragraph 73, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

74.    In answering paragraph 74, the answering Defendants deny the allegations contained therein.

75.    In answering paragraph 75, the answering Defendants deny the allegations contained therein.

76.    In answering paragraph 76, the answering Defendants deny the allegations contained therein.

## NINTH-CLAIM

### For the violation of the automatic stay under the
### 11 U.S.C. § 362(k) against the Defendants JRG, BLG, KVS and RAA

77.    In answering paragraph 77, Defendants repeat and reallege the answers as stated in Paragraphs 1 through 76 herein

LARSON & ZIRZOW
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

78.     In answering paragraph 78, the answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and therefore deny same.

79.     In answering paragraph 79, the answering Defendants admit that on May 7, 2014, a complaint was filed in the Superior Court of California, County of Kern, case number S-1500-CL-284906.  As to all other allegations stated in paragraph 79, the answering Defendants deny the remaining allegations contained therein.

80.     In answering paragraph 80, the answering Defendants admit the allegations contained therein.

81.     In answering paragraph 81, the answering Defendants deny the allegations contained therein.

82.     In answering paragraph 82, the answering Defendants admit that an order was entered granting stay relief on or about September 26, 2014 and that said order speaks for itself. As to all other allegations stated in paragraph 82, the answering Defendants deny the remaining allegations contained therein.

83.     In answering paragraph 83, the answering Defendants admit the posting the Notice to Vacate occurred on October 16, 2014.  As to all other allegations stated in paragraph 83, the answering Defendants deny the remaining allegations contained therein.

84.     In answering paragraph 84, the answering Defendants deny the allegations contained therein.

85.     In answering paragraph 85, the answering Defendants deny the allegations contained therein.

86.     In answering paragraph 86, the answering Defendants deny the allegations contained therein.

. . .

. . .

. . .

LARSON & ZIRZOW
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

11

## GENERAL DENIAL

Defendants deny any allegations not expressly answered herein.

## AFFIRMATIVE DEFENSES

1.     Defendants reserve the right to assert additional defenses based on further investigation or discovery.

2.     Plaintiff has failed to state a claim against Defendants upon which relief can be granted.

3.     Any contract or obligation relied upon by Plaintiff in seeking relief is unenforceable because of the lack of a writing sufficient to satisfy the statute of frauds.

4.     Plaintiff has "unclean hands" with regard to the relief sought in the complaint and is therefore barred from obtaining such relief.

5.     Neither the complaint nor any purported claim therein states facts sufficient to constitute a cause of action against the Defendants.

6.     Plaintiff is not the real party in interest and lacks standing.

7.     Plaintiff is estopped by operation of law or by conduct from maintaining the actions filed in this case.

8.     The actions filed in this case are not maintainable under the doctrine of laches because of Plaintiff's prejudicial delay in asserting them.

9.     Any responsibility of the Defendants for the damages claimed by Plaintiff, which responsibility is expressly denied, must be reduced or eliminated to the extent those damages were caused by Plaintiff.

10.     The claims of the Plaintiffs have been waived as a result of the acts and conduct of the Plaintiffs, and, therefore, Plaintiffs are estopped from asserting its claims for damages against the Answering Defendants.

11.     Plaintiffs failed to join one or more indispensable parties so as to permit the Court to grant the relief which is requested and prayed for in the Complaint.

12.     The Plaintiffs have failed to mitigate its damages, if any in fact exist or were incurred, the existence of which is expressly denied.

LARSON & ZIRZOW
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

13.     That by virtue of the acts, conduct, and/or omission to act under the circumstances, the Defendants have been released and discharged from any liability to the Plaintiffs, which liability is expressly denied.

14.     Plaintiffs' damages, if any in fact exist, are the direct and proximate result of the acts, deeds, omissions, or failure to act of other third parties with whom the Plaintiffs contracted, and/or with persons whose names are presently unknown, over whom the Defendants had no control, nor the right, duty or obligation to control.

15.     Plaintiffs have not been injured as a result of any alleged acts of answering Defendants.

16.     Defendants at all times acted in good faith and without knowledge of commencement of Plaintiff's bankruptcy case.

17.     Defendants did not intend to hinder, delay, or fraud Plaintiffs.

18.     Any and all actions taken by Defendants were privileged pursuant to Cal. Civ. Code § 47 or other applicable law.

Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon filing of this Answer, therefore, this Defendants reserve the right to amend their Answer to add affirmative defenses should the necessity arise.

WHEREFORE, Defendants pray for the following relief:

1.     That Plaintiffs take nothing by virtue of their Complaint against Defendants on file herein, and that the same is dismissed with prejudice;

2.     That judgment be entered in favor of Defendants and against Plaintiffs for Defendant's attorney fees and costs of suit incurred herein; and

. . .

. . .

. . .

. . .

. . .

LARSON & ZIRZOW
810 S. Casino Center Blvd., Suite 101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

13

3.    For such other and further relief as this Court may deem just and proper in the premises.

Dated this 14th day of November, 2014.

LARSON & ZIRZOW, LLC


By:_____/s/ Zachariah Larson___
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
810 S. Casino Center Blvd. #101
Las Vegas, Nevada  89101

Attorneys for Debtor/Defendant