Teresa Jean Moore
Robert-Garvin: Moore
8685 Queens Brook Court
Las Vegas, Nevada 89129
Tel: 702-430-9112
Fax: 818-647-1186
Net: teresa_j_moore@yahoo.com

*For the Plaintiffs of their own right*

RECEIVED & FILED

14 DEC 10 P3 :24

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

# United States Bankruptcy Court
### District of Nevada
300 Las Vegas Boulevard South, Las Vegas, Nevada 89101

| | |
|---|---|
| In re<br>    Teresa Jean Moore<br>    Robert-Garvin: Moore<br>                          Debtors. | Bankruptcy Case: 14-13791-ABL<br>Chapter 11 |
| Teresa Jean Moore,<br>Robert-Garvin: Moore,<br>                        Plaintiffs<br>           v.<br>John R. Gschwend;<br>Barry L. Goldner;<br>Kurt Van Sciver;<br>Ryan A. Andersen;<br>OCWEN LOAN SERVICING, LLC;<br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Indenture Trustee for American Home Mortgage Investment Trust 2006-3;<br>Does 1-10<br>                     Defendants. | Adversary Proceeding No: 14-01158<br><br>EX-PARTE APPLICATION AND ORDER FOR THE ENTRY OF THE DEFAULT BY THE DEFENDANT JOHN R. GSCHWEND |

## **EX-PARTE APPLICATION**

### **FOR THE ENTRY OF THE DEFAULT BY THE DEFENDANT JOHN R. GSCHWEND**

      The Plaintiffs Teresa Jean Moore and Robert-Garvin: Moore (Plaintiffs) of their own right request the entry of the default by the Defendant John R. Gschwend (Defendant) by the Rule 7055 and Rule 9024 of the Federal Rules of Bankruptcy Procedure (FRBP). The Docket of the Adversary Proceeding No: 14-01158 shows that the Defendant has failed to timely plead or otherwise defend against the claims of the Plaintiffs, who support the request by the following:

## STATEMENT OF THE FACTS

This adversary proceeding concerns the house and land at the 13307 Providence Place, Bakersfield, California (property) with the legal description: "Lot 34 of Tract No. 6007, Unit Three, in the City of Bakersfield, County of Kern, State of California, as per Map recorded November 25, 2003 in Book 50, Page 132 of Maps, in the Office of the County Recorder of said County." *Adversary Dkt # 001, ¶ 15; TJM Affidavit, ¶ 3.*

On the May 7, 2014, upon the information and the belief of the Plaintiffs, the Defendants John R. Gschwend (JRG), Barry L. Goldwater (BLG) and Kurt Van Sciver (KVS) commenced the action of the Civil Case No. S-1500-CL-284906 (Unlawful Detainer) against the Plaintiff Teresa J. Moore by the filing of the complaint in the Superior Court of California, County of Kern. *TJM Affidavit, ¶ 4.* The Plaintiffs never received a copy of the Summons and Complaint in the Unlawful Detainer. *Id.*

On the May 29, 2014, the Plaintiffs commenced the action of the Bankruptcy Case No. 14-13791 by the filing of the VOLUNTARY PETITION with the U.S. Bankruptcy Court, Nevada District (Court). *Bankruptcy Dkt # 001; TJM Affidavit, ¶ 5.* On the Second Amended Schedule A, the Plaintiffs identified the property as the subject of an "[e]quitable and possessory interest by [the] substantial performance of [a] purchase agreement." *Bankruptcy Dkt # 49, p.3; TJM Affidavit, ¶ 5.* Meanwhile, the Defendants JRG, BLG, KVS, RAA continued the action of the Unlawful Detainer by the entry of a default and by the application for a Writ of Possession on or after the July 8, 2014. *TJM Affidavit, ¶ 5.*

On the September 26, 2014, the Defendants JRG, BLG, KVS and Ryan A. Andersen (RAA) obtained the relief from the automatic stay by the entry of the ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY by the Court. *Bankruptcy Dkt # 099; TJM Affidavit, ¶ 6.*

On the October 16, 2014, the Kern County Sheriff proceeded with the execution of the Writ of Possession by the posting of a NOTICE TO VACATE at the property. *Adversary Dkt # 001, ¶ 29; TJM Affidavit, ¶ 7.* The posting of the notice shocked and upset the property manager and webcast facilitator so much that she and her family immediately moved out and now refuses all communications with the Plaintiffs. *TJM Affidavit, ¶ 7.*

On the October 17, 2014, the Plaintiffs commenced the action of the Adversary Proceeding No. 14-01158 against the Defendants JRG, BLG, KVS, RAA and others by the filing of the Complaint with the Clerk of the Court. *Adversary Dkt # 001; TJM Affidavit, ¶ 8*. In the Complaint, the Plaintiffs asserted the claims against the Defendant JRG and others for the avoidance of the unperfected liens and the recovery of the fraudulent transfers and for the turnover of the property by the allegations of the Paragraphs 31-76. *Adversary Dkt # 001, ¶¶ 31-76; TJM Affidavit, ¶ 8*. Additionally, the Plaintiffs asserted the claim against the Defendants JRG, BLG, KVS and RAA for the violation of the automatic stay by the allegations of the Paragraphs 77-86. *Adversary Dkt # 001, ¶¶ 77-86; TJM Affidavit, ¶ 8*.

On the October 17, 2014, the Clerk of the Court issued the process of the Summons against the Defendants JRG, BLG, KVS, RAA and others by the delivery of the document to the Plaintiffs. *Adversary Dkt # 003; TJM Affidavit, ¶ 9*.

On the October 20, 2014, the Plaintiffs informed the Defendants JRG, BLG, KVS and RAA of the Adversary by the transmittal of an email. Additionally, the Plaintiffs demanded the termination of the process by the immediate recall of the Writ of Possession. *TJM Affidavit, ¶ 10*.

On the October 24, 2014, the Plaintiffs dismissed the Defendant RAA from the action by the filing of the NOTICE OF THE VOLUNTARY DISMISSAL because the Defendant RAA took immediate action to stop the continued violation of the automatic stay by the termination of the writ execution. *Adversary Dkt # 005; TJM Affidavit, ¶ 11*.

On the October 28, 2014, the Plaintiffs caused the service of the Summons and the Complaint upon the Defendants JRG, BLG, KVS, RAA and others by the delivery of the process by the First-Class U.S. Mail. *Adversary Dkt # 007; TJM Affidavit, ¶ 12*.

On the November 18, 2014, the Plaintiffs agreed to the extension of the time for a response by the Defendant JRG by the execution of the STIPULATION EXTENDING TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT, which the judge of the Court approved by the entry of the ORDER APPROVING STIPULATION EXTENDING TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT on the November 20, 2014. *Adversary Dkt ## 010, 011; TJM Affidavit, ¶ 13*.

1  On the November 20, 2014, the Defendants BLG and KVS terminated the action of the Unlawful Detainer by the dismissal of all parties and of all causes without prejudice. *TJM Affidavit, ¶ 14.*

However, on the December 7, 2014, the Defendant JRG took the possession of the property by the force by the entry upon the land and by the changing of the access codes without the consent of the Plaintiffs. *TJM Affidavit, ¶ 15.* The Defendant JRG took the possession of the property without any judgment and warrant of a court and without any notice to the Plaintiffs. *Id.* The agent of the Plaintiffs was at the property during the taking; confirmed the identity of the Defendant JRG and could not gain entry after the Defendant JRG changed of the access codes. *Id.*

The Plaintiffs agreed to the extension of the time on the representation of the Defendants RAA, BLG and KVS that they had reversed all actions to take the possession of the property, which were in the violation of the stay. *TJM Affidavit, ¶ 16.* The Plaintiffs did not agree to an extension of the time so that the Defendant JRG could take the possession of the property and lockout the Plaintiffs. *Id.* Thus, the Plaintiffs revoke their signatures on the stipulation for the extension of the time because the Defendants JRG, BLG, KVS and RAA procured the execution of the stipulation by the intentional misrepresentation of a material fact. *Id.*

The Plaintiffs have not received a response to the Complaint from the Defendant JRG and the Docket of the Adversary does not show the filing of any response by the Defendant JRG. *TJM Affidavit, ¶ 17.* The time for the filing of a response to the complaint under the FRBP Rule 7012 expired on the November 17, 2014. *TJM Affidavit, ¶ 18.* Less than 120-days have elapsed since the service of the Summons and Complaint upon the Defendant JRG by the mail. *TJM Affidavit, ¶ 19.* Upon the knowledge and belief of the Plaintiffs, the Defendant JRG, who is not in the military service, has failed to answer or otherwise defendant against the claims of the Complaint. *TJM Affidavit, ¶ 20.* Therefore, the Plaintiffs request the entry of the default by the Clerk or by the Judge of the Court. *TJM Affidavit, ¶ 21.*

## ARGUMENT OF THE APPLICATION

**I.     The Court should grant the application because the Defendants JRG, BLG, KVS and RAA procured the stipulation of the time extension by the intentional misrepresentation of a material fact.**

Under the Rule 60(b)(3), the "court may relieve a party or its legal representative from a final judgment, order, or proceeding for the … fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FRCP. Rule 60(b)(3). Additionally, under the California Civil Code § 789.3, "a landlord shall not, with intent to terminate the occupancy under any lease or other tenancy or estate at will, however created, of property used by a tenant as his or her residence, willfully: (1) Prevent the tenant from gaining reasonable access to the property by changing the locks." California Civil Code § 789.3.

In this case, through agency of the Defendant RAA, the Defendants JRG, BLG and KVS requested the extension of the time because they had "been tackling some conflict of interest issues." The Plaintiffs agreed to the extension of the time on the condition that the Defendants RAA, BLG and KVS had reversed all actions to take the possession of the property. However, on the December 7, 2014, the Defendant JRG took the possession of the property by the force by the entry upon the land and by the changing of the access codes without the consent of the Plaintiffs, who relied upon the representations of the Defendants RAA, BLG and KVS. The continued possession of the property was a material fact in the consideration of the stipulation. The Plaintiffs suffer the loss of the property by the intentional misrepresentation of a material fact by the Defendants JRG, BLG, KVS and RAA. The order of the stipulation states that the "Court retains the exclusive jurisdiction over the subject matter … in order to resolve any dispute." The Plaintiffs revoke their signature on the stipulation by the cause of the misrepresentation and request the resolution of the dispute by the relief form the Order of the Stipulation under the FRBP Rule 9024 (FRCP. Rule 60(b)(3)) and by the entry of the default by the Defendant JRG under the FRBP Rule 7055.

Therefore, the Court should grant the application because the Defendants JRG, BLG, KVS and RAA procured the stipulation of the time extension by the intentional misrepresentation of a material fact.

1 **II.    The Court should grant the application because the defendant had the adequate notice of**
2 **the Adversary Proceeding by the service of the process.**

3    In this case, the Defendant had the adequate notice of the adversary proceeding by the service
4 of the process.  The Clerk issued the Summons of the Adversary on the October 17, 2014 by the
5 delivery of the document to the Plaintiffs, who served a copy of the Summons and Complaint upon the
6 Defendants JRG, BLG, KVS and RAA by the transmittal of an email; and thereafter, by the delivery of
7 the First-Class U.S. Mail.

8    Therefore, the Court should grant the application because the defendant had the adequate notice
9 of the Adversary Proceeding by the service of the process.

10 **III.    The Court should grant the application because the Defendant JRG has failed to timely**
11 **plead or defend by the filing of an answer or a response.**

12    In this case, Plaintiffs have not received a response to the Complaint from the Defendant JRG
13 and the Docket of the Adversary does not show the filing of any response by the Defendant JRG.  The
14 time for the filing of a response to the complaint under the FRBP Rule 7012 expired on the November
15 17, 2014.  Less than 120-days have elapsed since the service of the Summons and Complaint upon the
16 Defendant JRG by the mail.  Upon the knowledge and belief of the Plaintiffs, the Defendant JRG, who
17 is not in the military service, has failed to answer or otherwise defendant against the claims of the
18 Complaint.  Therefore, the Plaintiffs request the entry of the default by the Clerk or by the Judge of the
19 Court.

20    Therefore, the Court should grant the application because the Defendant JRG has failed to
21 timely plead or defend by the filing of an answer or a response.

22
23
24
25
26
27
28

## CONCLUSION

For the foregoing reasons, the Court should grant the application for the entry of the default by the Defendant John R. Gschwend.

Date: <u>December 9, 2014</u>               Respectfully Presented,

*Teresa D. Moore*
Teresa Jean Moore
Robert-Garvin: Moore
8685 Queens Brook Court
Las Vegas, Nevada 89129
Tel: 702-430-9112

## ORDER

### FOR THE ENTRY OF THE DEFAULT BY THE DEFENDANT JOHN R. GSCHWEND

IT IS SO ORDERED:

DATED: _____               _____

                                              U.S. Bankruptcy Judge